**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANYA GRACE McDANIEL, | No. 15-16734 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00828-GEB-CKD |
| v. | |
| THE SECRETARIAT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Tanya Grace McDaniel appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging violations of her civil rights.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under 28 U.S.C. § 1915(e)(2).  *Barren v. Harrington*, 152 F.3d 1193,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed McDaniel's action because McDaniel failed to allege facts sufficient to show that defendants were acting under color of state law, as required to state a plausible claim for relief under § 1983. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149-50 (9th Cir. 2011) (setting forth elements of a § 1983 claim and describing instances in which a private actor's conduct constitutes state action); *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

15-16734

The district court did not abuse its discretion by dismissing McDaniel's action without providing a third opportunity to amend the complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**